Karen L. Atkinson, Miami, Fla., for plaintiff.

James Michael Merberg, Law Office of F. Lee Bailey, Robert P. Foley, West Palm Beach, Fla., Robert L. Saylor, North Palm Beach, Fla., for defendants.

**UNITED STATES of America**

v.

**Bartholomew O'SHEA, Milton Pinder and Howard Lawson, Defendants.**

No. 77–8057–Cr–CF.

United States District Court, S. D. Florida.

March 9, 1978.

## ORDER

FULTON, District Judge.

An Indictment naming Bartholomew O'Shea and Milton K. Pinder as defendants was superseded by an Indictment which charged those defendants and a third defendant, Howard R. Lawson, with conspiracy to import marijuana, importation of marijuana, and possession with intent to distribute marijuana.

The third defendant, Howard R. Lawson, filed multiple motions including a· Motion for Production of Grand Jury Minutes, Motion for Discovery and Inspection, Motion for Disclosure of Rewards and Informants, Motion for Brady Material, Motion for Severance, and Motion to Suppress, and requested leave to file further motions upon receipt of further discovery.

At a hearing upon these motions, the Government disclosed that nearly two weeks prior thereto the Government acquired a tape recording which the Government expected to use at the trial but which had not been revealed to defense counsel, as required by this Court's Standing Discovery Order entered December 16, 1977.

The thrust of the defendant Lawson's argument at that hearing was his inability to prepare his defense because of the failure of the Government to fully respond to the Court's Order for Discovery, and he also strongly urged that he was prepared to show that there was insufficient evidence before the Grand Jury to support and justify the return of an Indictment against him.

The Court declined to order the Government to provide a copy of the Grand Jury minutes for inspection by the defendant but did agree to inspect the minutes in camera, which was done. That inspection clearly shows that there was not sufficient evidence before the Grand Jury to support a finding of probable cause against the defendant Lawson upon any of the three counts upon which he has been indicted. For that reason, the Court ordered the Government to provide the defendants with a copy of the Grand Jury minutes and granted leave for the filing of further motions, to be heard on Thursday afternoon, March 9, 1978, at 5 p. m. Late today, the defendant Lawson filed a Motion to Dismiss which must be promptly resolved because this case is calendared for trial next Monday, March 13, 1978.

The Grand Jury which returned the original and superseding Indictment was empaneled and charged as to its duties by the undersigned. Among other things, that Grand Jury was instructed:

"A grand jury has two basic essential functions. The first is to bring on for prosecution the guilty. The second function is to safeguard and protect the innocent . . . . .

\* \* \* \* \* \*

"Every indictment which is returned by a grand jury is an assertion to the Court that prima facie evidence of the existence of probable cause has been shown, and that the grand jury has heard and seen that evidence and made that determination. Probable cause exists only when there is evidence, direct or circumstantial, which leads the grand jurors as reasonable persons to believe that the proposed offender is guilty of the offense charged. Before returning an indictment, the grand jury should be satisfied from the evidence which is submitted to it that a conviction would be warranted if the evidence were presented to a trial jury where there was no evidence to rebut it. This is what we call in the law prima facie evidence of probable cause.

\* \* \* \* \* \*

" . . . Here the responsibility rests squarely upon each juror under his oath not to indict any person wrongfully; but rather to be very careful that each indictment is correctly returned on a basis of there being probable cause to believe that the accused person has committed the offense for which he or she is charged.

\* \* \* \* \* \*

"If you find there is probable cause by a vote of twelve of your members, in a session in which at least sixteen members participated, then it is your duty to return to the Court a true bill or indictment—but if twelve of your members do not concur that there is probable cause, it is then your duty to return a 'NO TRUE BILL.'

\* \* \* \* \* \*

"In this nation, no man may be brought to trial for a felony unless at least twelve members of the grand jury believe, after hearing all of the evidence, that there is reasonable cause to believe that he is guilty of the offense charged. Conversely, no person, no matter whom he knows, or how much money or power he may possess, may escape answering a charge if twelve members of the grand jury find that there is probable cause to believe that he is guilty of the offense charged. As important as is the duty to indict when probable cause exists, it is equally

important to exonerate when probable cause does not exist. Again I say, that in our jurisprudence the Courts have dual functions. One of them is to prosecute and convict the guilty; the other is to protect and safeguard the innocent from wrongful prosecution and conviction."

\* \* \* \* \* \*

Viewing the evidence before the Grand Jury, as it relates to the defendant Lawson, in a light most favorable to the Government, and drawing therefrom all inferences which that evidence supports and justifies, a prima facie case does not exist against the defendant Lawson. The Grand Jury evidence does not show probable cause to believe that the defendant Lawson committed any one of the three offenses of which he is charged.

In reaching this conclusion, the Court is not unmindful of *Costello v. U. S.,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956) and *U. S. v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), nor those opinions of the Fifth Circuit in *U. S. v. Klaes,* 453 F.2d 1375 (5th Cir. 1972) and *U. S. v. Gower,* 447 F.2d 187 (5th Cir. 1971). The conclusion reached here is not in conflict with the rule of law in those cases because of the particular facts and circumstances of this case. The above cited cases deal with the validity of grand jury indictments based on incompetent or illegally obtained evidence and limit the scope of appellate review of such indictments. The Court in this case is concerned with an indictment returned by a grand jury which was empaneled and instructed by this Court as herein stated, and which indictment is not supported by any evidence, competent or otherwise, to establish a prima facie case against the defendant Lawson.

█ This Court must have the authority and power to inquire into and review the proceedings of a grand jury which it empaneled and instructed. It is also clearly recognized that the Court may in a proper situation review the minutes of its grand jury in camera. It must logically follow that if an in camera inspection reveals that a grand jury has proceeded in violation of the Court's instructions the Court may intervene and take remedial action. That is precisely what the Court is doing here. Otherwise, the charge of the Court to the grand jury as to its functions, duties and responsibilities would be worthless, indeed a judicial farce.

The grand jury is a great institution which has been the guardian of the people since it was created at Runnymede. Although there is abroad in this land today a movement for its elimination, it is the view of the undersigned that every possible effort should be made for its preservation. Those who favor its abolition argue that the prosecutor controls the grand jury; that he decides what the grand jury will hear, how much it will hear and when it will hear it; and that he decides the quantum as well as the quality of the evidence submitted for the grand jury's consideration; and in sum, that the prosecutor totally dominates and controls the Grand Jury. If the Grand Jury system is to survive, its intended purpose must not be prostituted.

█ This is not a case which challenges an indictment because of the quality of the evidence. The problem here is that there simply is no evidence sufficient to establish probable cause that the defendant Lawson committed any one of the three offenses of which he is charged.

For the reasons stated, it is ordered and adjudged that each count of the indictment against the defendant Lawson shall be and the same are hereby dismissed without prejudice.

DONE and ORDERED at West Palm Beach, Florida, this 8th day of March, 1978.